**2017 UT App 193**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF J.M. AND C.M.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

C.M.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20170592-CA
Filed October 19, 2017

Fourth District Juvenile Court, American Fork Department
The Honorable Suchada P. Bazzelle
No. 1090383

Ryan D. Petersen and Eva Marie Brady, Attorneys
for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES DAVID N. MORTENSEN, JILL M. POHLMAN, and
DIANA HAGEN.

PER CURIAM:

¶1      C.M. (Father) appeals from the juvenile court's order terminating his parental rights. Father argues that there was insufficient evidence to support the juvenile court's determination that grounds existed to support the termination.

¶2      "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against

the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "wide latitude of discretion as to the judgments arrived at based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' special training, experience and interest in this field." *Id.* (citations and internal quotation marks omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3 Father argues that there was insufficient evidence to demonstrate grounds supporting termination of his parental rights. The juvenile court based its termination decision on several grounds, including that Father made only token efforts to visit the children and to resolve many of the issues that resulted in the children being removed from Father's custody. *See* Utah Code Ann. § 78A-6-507(1)(f) (LexisNexis 2012). Evidence in the record supports the juvenile court's findings and determination that Father made only token efforts to visit and communicate with the children, to prevent the neglect of the children, and to avoid being an unfit parent.[1]

---

1. Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012); *In re F.C. III*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate

(continued…)

¶4 For example, regarding Father's visitation and communication with the children, Father failed to attend several visits with the children, and between January 1 and March 31, 2017, Father visited the children only one time. The court found that Father failed to present any legitimate or believable excuse for missing so many visits. Further, the Division of Child and Family Services offered to provide Father with extra visitation time and the mother offered to give her visitation time to Father. Father did not avail himself of either opportunity. Thus, the juvenile court's determination that Father made only token efforts to communicate with and visit his children is supported by the evidence.

¶5 Father also made only token efforts to resolve the drug issues that resulted in the removal of the children from his custody. Father's service plan required him to submit to random drug tests. However, he submitted only a few samples during the time reunification services were being offered, and he failed to submit to any drug tests in the six months prior to the termination proceeding. Father also delayed completing a class recommended by his substance abuse assessment, and failed to provide proof of its completion until the day of trial. Father's minimal efforts made it impossible for the juvenile court to determine if Father maintained the sobriety necessary to care for his children.

¶6 In making its determination that Father made only token efforts, the juvenile court also noted Father's failure to demonstrate the self-awareness of his own conduct and behavior

---

(…continued)
parental rights). As a result, if there is sufficient evidence to support any of the grounds for termination found by the juvenile court, the termination of Father's rights is appropriate.

that resulted in the children being in the State's custody. Specifically, the juvenile court made the following finding:

> Since the children were removed from [Father], he has become extremely difficult and has complained about everyone. He has also taken little to no ownership as to his contribution to the children going into care, but has blamed everyone else. The father has provided multiple reasons for why he has put things off in completing the child and family plan. The Court does not find these excuses to be credible.

Thus, Father's failure to resolve his issues with drugs and to accept responsibility for how his own actions and behavior affected his children resulted in Father making only token efforts to cure those issues. In so doing, he made only token efforts to prevent the ongoing neglect of his children, and to avoid being an unfit parent.

¶7    Evidence in the record supports the juvenile court's decision that Father made only token efforts to communicate with the children, to prevent the neglect of the children, and to avoid being an unfit parent. Accordingly, because a foundation for the juvenile court's decision exists, we cannot reweigh the evidence and must affirm. *See In re B.R.*, 2007 UT 82, ¶ 12.

¶8    Affirmed.[2]

———————

2. Father does not argue that the juvenile court erred in determining that it was in the best interests of the children to terminate Father's parental rights; accordingly, we do not address the issue.